Anna Y. Park, CA SBN 164242
Michael J. Farrell, CA SBN 266553
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
Email: lado.legal@eeoc.gov

Elizabeth A. Naccarato, NV BAR #11221
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
333 Las Vegas Boulevard South, Suite 8112
Las Vegas, Nevada 89101
Telephone: (702) 388-5072
Facsimile: (702) 388-5094

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>Pioneer Hotel, Inc. d/b/a Pioneer Hotel and Gambling Hall; Archon Corporation; and Does 1 – 10 Inclusive,<br><br>Defendants. | Case No.: _____<br><br>**COMPLAINT – TITLE VII**<br>• **CIVIL RIGHTS**<br>**(42 U.S.C. §§ 2000e, et seq.)**<br><br>**JURY TRIAL DEMAND** |

-1-

# NATURE OF THE ACTION

This is an employment discrimination action brought by the United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin and color to provide appropriate relief to Raymond Duarte and other similarly situated individuals who were adversely affected by such practices. As alleged with greater particularity in Paragraphs 9 and 10 herein, the Commission alleges that Defendants Pioneer Hotel, Inc. d/b/a Pioneer Hotel and Gambling Hall ("Pioneer") a subsidiary of Archon Corporation ("Archon"), and Does 1-10 (collectively referred to herein as "Defendants"), subjected Charging Party Raymond Duarte and a class of similarly situated individuals to harassment based on their national origin, Latino, and color, brown. EEOC further alleges that Charging Party Duarte was terminated in retaliation for engaging in the protected activity of complaining of harassment on the basis of his national origin, Latino and color, brown.

# JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), § 2000e-6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Nevada.

# PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and § 2000e-6. At all relevant times, Defendants continuously had at least (15) employees and have

1  been corporations doing business in Nevada.

2      4.    At all relevant times, Defendant Pioneer Hotel, Inc. d/b/a Pioneer Hotel &
3  Gambling Hall has been a wholly-owned subsidiary of Defendant Archon Corporation and have
4  continuously been employers engaged in an industry affecting commerce in the State of Nevada
5  within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and
6  (h).

7      5.    Plaintiff is ignorant of the true names and capacities of each Defendant sued as
8  DOES 1 through 10, inclusively, and therefore Plaintiff Commission sues said defendant(s) by
9  fictitious names.  Plaintiff reserves the right to amend the Complaint to name each DOE
10 defendant individually or collectively as they become known.  Plaintiff alleges that each DOE
11 defendant was in some manner responsible for the acts and omissions alleged herein and
12 Plaintiff will amend the complaint to allege such responsibility when the same shall have been
13 ascertained by Plaintiff.

14     6.    All of the acts and failures to act alleged herein were duly performed by and
15 attributable to all Defendants, including Defendants DOES 1 to 10, each acting as a successor,
16 agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or
17 under the direction and control of the others, except as specifically alleged otherwise.  Said acts
18 and failures to act were within the scope of such agency and/or employment, and each
19 Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other
20 Defendants complained of herein.  Whenever and wherever reference is made in this Complaint
21 to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to
22 mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

23

24 **CONDITIONS PRECEDENT**

25     7.    More than thirty (30) days prior to the institution of this lawsuit, Charging Party
26 Raymond Duarte filed a charge of discrimination with the Commission alleging that Defendants
27 violated Title VII on behalf of himself and a class of similarly situated individuals.

28     8.    Prior to the institution of this lawsuit, the Commission issued a Letter of

Determination on each charge to Defendants finding reasonable cause to believe that Charging Party Raymond Duarte and a class of similarly situated individuals were subjected to unlawful employment discrimination based upon their national origin, Latino, in the form of harassment in violation of Title VII.  Further, EEOC found reasonable cause that Charging Party Duarte was terminated in retaliation for complaining of national origin harassment, in violation of Title VII. Prior to instituting this lawsuit, the EEOC attempted to eliminate the unlawful employment practices herein alleged and to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. Sections 2000e-5(b).  All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

9. Since at least November 2006, Defendants have engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C.  2000e-2 by subjecting Charging Party Duarte and a class of similarly situated individuals to harassment constituting a hostile work environment on the basis of their national origin, Latino, and color, brown.

    a) Defendants subjected Charging Party and a class of individuals to unwelcome and unwanted verbal and physical harassment by co-workers and supervisors.  The severe harassment included but is not limited to derogatory name calling including: "taco," "bean burrito," and "enchilada," as well as allegations that Mexicans are "lazy" and "worthless." Additionally, at least one employee referred to Latino co-workers as "f---ing aliens" and threatened violence. A supervisor made derogatory remarks about Charging Party's color, brown including calling him such names as, "n----r," and "black bastard." This harassment was objectively and subjectively hostile and was unwelcome by the Charging Party and other similarly-situated individuals.

    b) The harassment by co-workers and supervisors was pervasive occurring on

-4-

       at least a weekly basis and was severe enough to alter the conditions of employment and create an abusive work environment.

  c) Defendants were put on notice of these discriminatory practices through written and multiple verbal complaints by Charging Party, but failed to take prompt and effective remedial action to prevent and correct the discriminatory practices as described above.

10. Since at least November 2007, Defendants have engaged in unlawful employment practices in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-5 by subjecting Charging Party to retaliation by terminating him after he engaged in the protected activity of complaining of discrimination.  Charging Party engaged in a protected activity in which was his opposition to the discriminatory conduct described in Paragraph 9 above on a repeated basis.  Thereafter, within a month of his last complaint, Defendants terminated his employment for reasons that are pretextual.

11. The effect of the unlawful employment practices complained of as described in paragraphs 9 and 10 has been to deprive Charging Party and a class of similarly situated individuals of equal employment opportunities.

12. The unlawful employment practices complained of in Paragraphs 9 and 10 were done intentionally and with malice and/or reckless indifference to the federally protected rights of the Charging Party and a class of similarly situated individuals.

13. As a direct and proximate cause of the Defendants' acts as stated above, Charging Party and a class of similarly situated individuals have suffered emotional pain, suffering, humiliation, inconvenience, loss of enjoyment of life, and damages, all to be proven at trial.

14. As a direct and proximate cause of the Defendants' acts as stated above, Charging Party suffered loss of earnings including back pay, front pay and benefits in amounts according to proof.

**<u>PRAYER FOR RELIEF</u>**

Wherefore, the Commission respectfully requests that this Court:

1      A.     Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of national origin, Latino and color, brown and which result in retaliation.

     B.     Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees of color and of Latino national origin, which eradicate the effects of its past unlawful employment practices. Such relief would include changes in Defendants employment practices to protect other employees from discrimination and retaliation through training, reporting of complaints and recordkeeping.

     C.     Order Defendants to make Charging Party whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place reinstatement or front pay.

     D.     Order Defendants to make whole Charging Party and any other similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 9 and 10 above, in amounts to be determined at trial.

     E.     Order Defendants to make whole Charging Party and a class of similarly situated individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraphs 9 and 10 above, in amounts to be determined at trial.

     F.     Order Defendants to pay Charging Party and a class of similarly situated individuals punitive damages for their malicious and/or reckless conduct described in Paragraphs 9 and 10 above, in amounts to be determined at trial.

     G.     Grant such further relief as the Court deems necessary and proper in the public interest.

     H.     Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 30, 2011                Respectfully Submitted

P. DAVID LOPEZ
General Counsel

JAMES LEE,
Deputy General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507


By: _____
     ANNA Y. PARK
Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION