UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

|  |  |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PIONEER HOTEL, INC.; et al.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)　2:11-CV-1588-LRH-RJJ<br>)<br>)<br>)　ORDER<br>)<br>)<br>)<br>) |

Before the court is defendants Pioneer Hotel, Inc. ("Pioneer Hotel") and Archon Corporation's ("Archon") motion to dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim. Doc. #10.[1] Plaintiff the United States Equal Employment Opportunity Commission ("EEOC") filed an opposition to the motion (Doc. #14) to which moving defendants replied (Doc. #18).

**I.    Facts and Procedural History**

Charging party Raymond Duarte ("Duarte") filed a charge of discrimination with the EEOC on February 4, 2008, alleging that he was discriminated against because of his national origin, Latino, while employed with defendant Pioneer Hotel in violation of Title VII. The EEOC investigated the charge, found it to be with merit, and initiated the conciliation process with

---

[1] Refers to the court's docket number.

Pioneer Hotel in November 2010.

After the conciliation process broke down, the EEOC filed an action in its own name against defendants alleging that charging party Duarte, and a class of similarly situated individuals, suffered harassment constituting a hostile work environment on the basis of their national origin in violation of Title VII. Doc. #1. Thereafter, defendants filed the present motion to dismiss. Doc. #10.

**II.    Legal Standard**

   **A. Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Although the defendant is the moving party in a motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

A motion to dismiss pursuant to Rule 12(b)(1) may be brought as a factual challenge or as a facial challenge. *Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

///

### B. Motion to Dismiss

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual

3

allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### III.   Discussion

####   A.  Subject Matter Jurisdiction

In their motion, defendants argue that the court is without subject matter jurisdiction to hear the present Title VII action because the EEOC failed to engage in a good faith attempt at conciliation pursuant to 42 U.S.C. § 2000e-5(b). *See* Doc. #10.

Prior to 2006, a finding of good faith conciliation was a jurisdictional condition precedent to suit by the EEOC. *EEOC v. Bruno's Restaurant*, 12 F.3d 285, 288 (9th Cir. 1993). However, in 2006, the United States Supreme Court issued an opinion in *Arbaugh v. Y&H Corp.*, 546 U.S. 500, evaluating several provisions of Title VII and holding that they are claim elements rather than jurisdictional requirements. 546 U.S. at 503 (2006). Although the conciliation requirement was not directly addressed by the Court in *Arbaugh*, those jurisdictions[2] that have addressed the conciliation requirement since *Arbaugh* have held the conciliation requirement to be a claim element only, and not a jurisdictional condition precedent to filing suit. *See e.g., EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 469 (5th Cir. 2009) (holding that the conciliation requirement of Title VII is not a jurisdictional issue); *EEOC v. Alia Corporation*, Case no. 1:11-cv-13549-LJO-BAM (E.D. Cal. 2011)[3] (holding that the conciliation requirement is not jurisdictional).

The court has reviewed the various post-*Arbaugh* cases addressing the conciliation requirement, agrees with the legal reasoning of the Fifth Circuit and the Eastern District of California, and finds that the conciliation requirement is no longer a jurisdictional condition

---

[2] The Ninth Circuit has not yet had an opportunity to evaluate the conciliation requirement post-*Arbaugh*.

[3] A copy of this decision is attached as Exhibit V to the EEOC's opposition to the motion to dismiss. *See* Doc. #14, Exhibit V.

4

precedent in light of *Arbaugh*. Therefore, the court shall deny defendants' motion as to the issue of subject matter jurisdiction and evaluate defendants' motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### B. Conciliation Requirement

In their motion, defendants argue that the EEOC did not conciliate in good faith. The court has reviewed the allegations in the complaint and finds that the EEOC has sufficiently alleged that it engaged in a good faith effort to conciliate the underlying discrimination charge. Specifically, the complaint alleges that the EEOC issued a Letter of Determination to Pioneer Hotels outlining the basis for the charge of discrimination as well as providing EEOC investigator Raymond Griffin's witness interviews and factual findings supporting the charge. Further, the complaint alleges that the EEOC then contacted defendants, invited them to conciliate on the charge, met with them several times, proposed an initial settlement offer, and provided defendants with an opportunity to proffer a counter-offer. The court finds that these allegations are sufficient to establish that the EEOC conciliated in good faith prior to filing the present action.

### C. Defendant Archon

Defendant Archon is the parent company of defendant Pioneer Hotels. Archon was not named in the charge of discrimination and charging party Duarte was not employed by Archon in any capacity. Further, there are no allegations that defendant Archon engaged in any discriminatory activity. Therefore, the court shall dismiss Archon as a defendant in this action.

### D. Class Action Allegations

Defendants argue that the EEOC's class action allegations are insufficient to identify the class and requests a more definitive statement of the EEOC's class action allegations. *See* Doc. #10.

The court has reviewed the document and pleadings on file in this matter and agrees. The complaint is devoid of any allegations that define or explain the scope of the class, how many class

members there are, or who subjected the class members to the alleged discrimination. Therefore, the court shall grant defendants' request for a more definitive statement and require the EEOC to supplement its class action allegations to provide the requisite class information.

IT IS THEREFORE ORDERED that defendants' motion to dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim (Doc. #10) is GRANTED in-part and DENIED in-part. Defendant Archon Corporation is DISMISSED as a defendant in this action.

IT IS FURTHER ORDERED that plaintiff shall have up to twenty (20) days from entry of this order to file supplemental class allegations defining and identifying the scope of the class and the allegations of discrimination suffered by the class.

IT IS SO ORDERED.

DATED this 4th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE