1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                        * * *
                                          )
9    U.S. EQUAL EMPLOYMENT                )
     OPPORTUNITY COMMISSION               )
10                                        )          2:11-CV-1588-LRH-RJJ
                   Plaintiff,             )
11                                        )
     v.                                   )          ORDER
12                                        )
     PIONEER HOTEL, INC.; et al.,         )
13                                        )
                   Defendants.            )
14   ─────────────────────────────────────

15        Before the court is defendant Pioneer Hotel, Inc.'s ("Pioneer Hotel") second motion to

16   dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim.

17   Doc. #27.[1] Plaintiff the United States Equal Employment Opportunity Commission ("EEOC") filed

18   an opposition to the motion (Doc. #32) to which Pioneer Hotel replied (Doc. #33).

19   I.    Facts and Procedural History

20        Charging party Raymond Duarte ("Duarte") filed a Title VII charge of discrimination with

21   the EEOC on February 4, 2008, alleging that he was discriminated against because of his national

22   origin, Mexican, and because of his color, brown, while employed with Pioneer Hotel in its

23   Housekeeping division. The EEOC investigated the charge, found it to be with merit, and initiated

24   the conciliation process with Pioneer Hotel in November 2010.

25

26        ────────────────────
          [1] Refers to the court's docket number.

1    After the conciliation process broke down, the EEOC filed an action in its own name

2    alleging that charging party Duarte, and a class of similarly situated individuals, suffered

3    harassment constituting a hostile work environment on the basis of their national origin in violation

4    of Title VII. Doc. #1. In response, Pioneer Hotel filed a motion to dismiss for lack of subject matter

5    jurisdiction, or in the alternative, for failure to state a claim. Doc. #10.

6    On May 4, 2012, the court entered an order granting in-part and denying in-part the motion

7    for lack of subject matter jurisdiction. Doc. #30. In the court's order, the court denied the request

8    for dismissal finding that the EEOC had entered conciliation in good faith. *Id*. However, the court

9    granted the motion in so far as it concerned the EEOC's class action allegations finding that they

10   were insufficient to identify the class. *Id*. Therefore, the court granted the EEOC leave to file an

11   amended complaint that specifically identified the purported class of individuals. *Id*.

12   On June 15, 2012, the EEOC filed an amended complaint which identified a purported class

13   of employees that were discriminated against based on their national origin, Latino, and their color,

14   dark-skinned, working in all divisions of defendant Pioneer Hotel. Thereafter, defendant Pioneer

15   Hotel filed the present second motion to dismiss for lack of subject matter jurisdiction or, in the

16   alternative, for failure to state a claim. Doc. #27.

17   **II.    Legal Standard**

18   **A. Subject Matter Jurisdiction**

19   Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*,

20   437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case

21   unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville*

22   *Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

23   Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a claim for lack

24   of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1). Although the defendant is the moving party

25   in a motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the

26

2

plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). In addressing a motion to dismiss for lack of subject matter jurisdiction, a district court may consider evidence outside the pleadings including an EEOC charge. *See Farr v. United States*, 990 F.2d 451 (9th Cir. 1993).

A motion to dismiss pursuant to Rule 12(b)(1) may be brought as a factual challenge or as a facial challenge. *Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Here, Pioneer makes a factual challenge to subject matter jurisdiction.

**B.  Motion to Dismiss**

Defendant Pioneer Hotel further seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting

1   *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows

2   the court to draw the reasonable inference, based on the court's judicial experience and common

3   sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility

4   standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

5   defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

6   defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

7   relief." *Id.* at 1949 (internal quotation marks and citation omitted).

8         In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as

9   true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of

10  the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*

11  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)

12  (internal quotation marks omitted). The court discounts these allegations because "they do nothing

13  more than state a legal conclusion—even if that conclusion is cast in the form of a factual

14  allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to

15  dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be

16  plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

17  **III.   Discussion**

18        **A.  Subject Matter Jurisdiction**

19        In order for a district court to have subject matter jurisdiction over a Title VII claim, a

20  plaintiff must have exhausted all available administrative remedies. *See Sutter v. Mass Mutual*

21  *Financial Group*, 2011 U.S. Dist. LEXIS 72840, *6 (D. Nev. 2011) (citing *B.K.B. v. Maui Police*

22  *Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002). To exhaust the administrative remedies, a plaintiff

23  must timely file a charge with the EEOC, "thereby affording the agency an opportunity to

24  investigate the charge." *Id.*

25        In a Title VII action, the district court has jurisdiction to hear all claims that are "like or

26                                                    4

reasonably related," to the allegations made in the underlying charge. *Id*. at *7-8 (citing *Sosa v. Hiraoka*, 920 F.2d 1451, 1456-57 (9th Cir. 1990)); *see also, Green v. L.A. Cty. Superintendent of Sch.*, 883 F.2d 1472, 1475-76 (9th Cir. 1989). A Title VII complaint that asserts claims outside of the scope of the underlying EEOC charge is subject to dismissal. *Id*. at *8. "Essentially, if the claims brought to the district court are not so related to the prior EEOC charge and investigation that further EEOC action would be redundant, then a federal suit cannot be initiated on the new claims." *Radke v. Sanders*, 2010 U.S. Dist. LEXIS 124611, *4 (D. Nev. 2010).

In its motion, defendant Pioneer Hotel argues that the court is without subject matter jurisdiction to hear the present Title VII class action claims because the purported class of Latino and dark-skinned employees was not identified in the EEOC charge or the EEOC's investigation. *See* Doc. #20. Specifically, Pioneer Hotel argues that the February 4, 2008 Charge of Discrimination alleges discrimination only on the basis of national origin, Mexican, and color, brown, and contains no allegations of any discrimination related to Latinos or dark-skinned employees. Further, Pioneer Hotel argues that the EEOC never modified the nature of the alleged discrimination until the class action allegations in the first amended complaint. Thus, Pioneer argues that the EEOC failed to exhaust its administrative remedies concerning the purported class.

The court has reviewed the documents and pleadings on file in this matter and finds that the additional class action claims related to a class of Latino and/or dark-skinned employees of defendant Pioneer Hotel are reasonably related to the underlying EEOC charge such that Pioneer Hotel was on notice that the underlying charge was sufficiently broad to cover all Latino and dark-skinned employees of the hotel and not just Mexican and brown-skinned employees. The court sees no distinction between the class action allegations and the initial charging allegations and finds that Pioneer Hotel is focusing more on the specific form and language of the charge rather than its substance which specifically identifies discrimination on the basis of national origin and color. Further, the court finds that the additional class action allegations of Latino and dark-skinned

employees are "reasonably related" to the underlying allegations of Mexican and brown-skinned employees that additional investigation into these additional class action allegations would be redundant. As such, the court finds that the EEOC has exhausted its administrative remedies related to the class action allegations. *See Radke*, 2010 U.S. Dist. LEXIS 124611, *4. Therefore, the court shall deny Pioneer Hotel's motion as to this issue.

**B. Dismissal**

In its motion, Pioneer Hotel also argues that the first amended complaint is impermissibly vague as to whether the EEOC is proceeding under Section 706 to vindicate the rights of individuals, or under Section 706 and/or 707 in pursuit of a pattern and practice claim. *See* Doc. #20. The court agrees.

The EEOC's first amended complaint states that this action is authorized and instituted pursuant to Section 706(f)(1) and (3) and Section 707. *See* Doc. #24, ¶ 2. At no time does the EEOC affirmatively state or allege that it is bringing this lawsuit to vindicate the individual rights of Duarte and the class under Section 706, whether it is pursuing a pattern and practice claim under Section 706 and/or 707, or if it is doing both. Because the elements and proof for these claims is different and will dictate Pioneer Hotel's defenses as well as the parties' discovery, it is critically important that the EEOC explain the nature of its claims, namely, whether it seeks only to vindicate the rights of the individuals under Section 706 and/or is also pursuing a pattern and practice claim under Sections 706 and 707. Therefore, the court shall grant defendants' request for a more definitive statement and grant the EEOC leave to file a second amended complaint which identifies the basis for its claims.

///

///

///

///

1         IT IS THEREFORE ORDERED that defendant's second motion to dismiss for lack of

2    subject matter jurisdiction or, in the alternative, for failure to state a claim (Doc. #27) is

3    GRANTED in-part and DENIED in-part in accordance with this order.

4         IT IS FURTHER ORDERED that plaintiff shall have up to twenty (20) days from entry of

5    this order to file an amended complaint in accordance with this order.

6         IT IS SO ORDERED.

7         DATED this 8th day of January, 2013.

8

9                                       _____

                                   LARRY R. HICKS

10                                      UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26