UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

        Plaintiff,

v.

PIONEER HOTEL, INC.; et al.,

        Defendants.

2:11-CV-1588-LRH-GWF

ORDER

Before the court is defendant Pioneer Hotel, Inc.'s ("Pioneer Hotel") motion for reconsideration of the court's May 4, 2012, and January 9, 2013 orders (Doc. ##20, 41[1]). Doc. #45. Plaintiff the United States Equal Employment Opportunity Commission ("EEOC") filed an opposition to the motion (Doc. #48) to which Pioneer Hotel replied (Doc. #52).

**I.    Facts and Procedural History**

Charging party Raymond Duarte ("Duarte") filed a Title VII charge of discrimination with the EEOC on February 4, 2008, alleging that he was discriminated against because of his national origin, Mexican, and because of his color, brown, while employed with Pioneer Hotel in its Housekeeping division. The EEOC investigated the charge, found it to be with merit, and initiated the conciliation process with Pioneer Hotel in November 2010.

---

[1] Refers to the court's docket number.

1        After the conciliation process broke down, the EEOC filed an action in its own name
2   alleging that charging party Duarte, and a class of similarly situated individuals, suffered
3   harassment constituting a hostile work environment on the basis of their national origin in violation
4   of Title VII. Doc. #1. In response, Pioneer Hotel filed a motion to dismiss for lack of subject matter
5   jurisdiction, or in the alternative, for failure to state a claim. Doc. #10.

6        On May 4, 2012, the court entered an order granting in-part and denying in-part the motion
7   for lack of subject matter jurisdiction. Doc. #20. In the court's order, the court denied the request
8   for dismissal finding that the EEOC had entered conciliation in good faith. *Id*. However, the court
9   granted the motion in so far as it concerned the EEOC's class action allegations finding that they
10  were insufficient to identify the class. *Id*. Therefore, the court granted the EEOC leave to file an
11  amended complaint that specifically identified the purported class of individuals. *Id*.

12       On June 15, 2012, the EEOC filed an amended complaint which identified a purported class
13  of employees that were discriminated against based on their national origin, Latino, and their color,
14  dark-skinned, working in all divisions of defendant Pioneer Hotel. Doc. #24. Thereafter, defendant
15  Pioneer Hotel filed a second motion to dismiss for lack of subject matter jurisdiction or, in the
16  alternative, for failure to state a claim. Doc. #27.

17       On January 9, 2013, the court entered an order granting in-part and denying in-part Pioneer
18  Hotel's second motion to dismiss. Doc. #41. In the court's order, the court denied the motion as it
19  related to the class allegations finding that the amended class action allegations were "reasonably
20  related" to the underlying charge and investigation. *Id*. However, the court granted the request for a
21  more definite statement to require the EEOC to file a second amended complaint identifying under
22  what statute the EEOC was bringing this action. Thereafter, Pioneer Hotel filed the present motion
23  for reconsideration of the court's orders. Doc. #45.
24  ///
25  ///
26

**II.     Discussion**

Pioneer Hotel brings its motion for reconsideration pursuant to Fed. R. Civ. P. 60(b). A motion under Rule 60(b) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Rule 60(b) provides that a district court may reconsider a prior order where the court is presented with newly discovered evidence, fraud, or mistake. FED. R. CIV. P. 60(b); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In its motion, Pioneer Hotel argues that reconsideration of the court's prior orders is warranted because the court erred in holding that the conciliation and investigation requirements of Title VII are not jurisdictional requirements to suit. *See* Doc. #45.

The court has reviewed the documents and pleadings on file in this matter and finds that reconsideration of the court's orders are not warranted because the identified Title VII claim elements are no longer jurisdictional requirements since the United States Supreme Court's opinion in *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006). Although the conciliation requirement was not directly addressed by the Court in *Arbaugh*, this court agreed with those jurisdictions[2] that had addressed the conciliation requirement post-*Arbaugh* and held the conciliation requirement is not a jurisdictional condition precedent to filing suit. *See e.g., EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 469 (5th Cir. 2009) (holding that the conciliation requirement of Title VII is not a jurisdictional issue); *EEOC v. Alia Corporation*, Case no. 1:11-cv-13549-LJO-BAM (E.D. Cal. 2011) (holding that the conciliation requirement is not jurisdictional). The court finds that this holding was not in error because the majority of district courts within the Ninth Circuit to have addressed this issue post-*Arbaugh* have found similarly. *See e.g., EEOC v. Evans Fruit Co.*, 2012

---

[2] The Ninth Circuit has not yet had an opportunity to evaluate the conciliation requirement post-*Arbaugh*.

3

U.S. Dist. LEXIS 72836 (E.D. Wash. 2012) (holding that Title VII's conciliation requirement, while a precondition to suit, is not jurisdictional in nature.). Further, there has been no intervening Ninth Circuit decision holding that the conciliation process post-*Arbaugh* is a jurisdictional requirement. Therefore, the court shall deny Pioneer Hotel's motion.

IT IS THEREFORE ORDERED that defendant's motion for reconsideration (Doc. #45) is DENIED.

IT IS SO ORDERED.

DATED this 28th day of June, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE