UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PIONEER HOTEL, INC., et al., ) <br> ) <br> Defendants. ) <br> ) | 2:11-CV-01588-LRH-RJJ <br><br> <u>ORDER</u> |

Before the court is defendant Pioneer Hotel, Inc.'s ("Pioneer Hotel") Motion to Dismiss Class-based Allegations (Doc. #46). The U.S. Equal Employment Opportunity Commission (the "EEOC") has responded (Doc. #49), and Pioneer Hotel has replied (Doc. #51).

**I.      Factual and Procedural Background**

Charging party Raymond Duarte ("Duarte") filed a Title VII charge of discrimination with the EEOC on February 4, 2008, alleging that he was discriminated against because of his national origin, Mexican, and because of his color, brown, while employed with Pioneer Hotel in its housekeeping division. The EEOC investigated the charge, found it meritorious, and initiated the conciliation process with Pioneer Hotel in November 2010.

After the conciliation process broke down, the EEOC filed an action in its own name alleging that Duarte, and a class of similarly situated individuals, suffered harassment constituting a hostile work environment on the basis of their national origin in violation of Title VII. Doc. #1. In response, Pioneer Hotel filed a motion to dismiss for lack of subject matter

1  jurisdiction, or in the alternative, for failure to state a claim. Doc. #10.

2        On May 4, 2012, the court entered an order granting in-part and denying in-part the
3  motion for lack of subject matter jurisdiction and failure to state a claim. Doc. #30. In the court's
4  order, the court denied the request for dismissal, finding that the EEOC had entered conciliation
5  in good faith. *Id.* However, the court granted the motion insofar as it concerned the EEOC's
6  class action allegations, finding that they were insufficient to identify a class. *Id.* Therefore, the
7  court granted the EEOC leave to file an amended complaint that specifically identified the
8  purported class. *Id.*

9        On June 15, 2012, the EEOC filed an amended complaint which identified a purported
10  class of employees that were discriminated against based on their national origin, Latino, and
11  their color, dark-skinned, working in all divisions of defendant Pioneer Hotel. Thereafter,
12  defendant Pioneer Hotel filed a second motion to dismiss for lack of subject matter jurisdiction
13  or, in the alternative, for failure to state a claim. Doc. #27.

14        On January 8, 2013, the court entered an order granting in-part and denying in-part the
15  motion for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim.
16  Doc. #41. In the court's order, the court denied the request for dismissal on grounds of lack of
17  subject matter jurisdiction. The court found the initial charge of discrimination relating to the
18  national origin, Mexican, and skin color, brown, was reasonably related to the classes of Latino
19  and dark-skinned found in the First Amended Complaint ("FAC"). Because additional
20  investigation into these latter two iterations of the discriminated-against class would be
21  redundant, the court found the EEOC had exhausted all administrative remedies before bringing
22  suit to district court. However, the EEOC's FAC failed to state whether it was vindicating the
23  individual rights of Duarte and the class under Section 706, whether it was pursuing a pattern and
24  practice claim under Section 706 and/or 707, or if it was doing both. Thus, the court granted
25  Pioneer Hotel's request for a more definitive statement and granted the EEOC leave to file a
26  second amended complaint identifying the basis for its claims.

27        On January 28, 2013, the EEOC filed its second amended complaint ("SAC"). Doc. #44.
28  The SAC identified Section 706 as the relevant section under which the EEOC was bringing suit.

1   On February 14, 2013, Pioneer Hotel filed a third motion to dismiss for failure to state a claim
2   and lack of subject matter jurisdiction. Doc. #46.

3   **II.     Legal Standard**

4         Pioneer Hotel seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for
5   failure to state a claim upon which relief can be granted. To survive a motion to dismiss for
6   failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2)
7   notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1103 (9th
8   Cir. 1979).  That is, a complaint must contain a "short and plain statement of the claim showing
9   that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  The Rule 8(a)(2) pleading standard
10  does not require detailed factual allegations; however, a pleading that offers "labels and
11  conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice.
12  *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.
13  544, 555 (2007)).

14        Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,
15  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*,
16  550 U.S. at 570).  A claim has facial plausibility when the pleaded factual content allows the
17  court to draw the reasonable inference, based on the court's judicial experience and common
18  sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility
19  standard is not akin to a probability requirement, but it asks for more than a sheer possibility that
20  a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with
21  a defendant's liability, it stops short of the line between possibility and plausibility of entitlement
22  to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

23        In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as
24  true. *Id.*  However, "bare assertions. . .amount[ing] to nothing more than a formulaic recitation of
25  the elements of a . . .claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*
26  *Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1951) (brackets in original)
27  (internal quotation marks omitted).  The court discounts these allegations because "they do
28  nothing more than state a legal conclusion — even if that conclusion is cast in the form of a

1 factual allegation." *Id.* (citing *Iqbal*, 129 S.Ct. at 1951). "In sum, for a complaint to survive a
2 motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that
3 content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

4 **III.    Discussion**

5       In its motion, Pioneer Hotel argues the SAC, bringing suit under Section 706, fails to
6 identify a class of aggrieved individuals.  Allegations brought pursuant to the EEOC's power
7 under Section 706 must include sufficient facts to state a plausible claim for relief.  While an
8 action pursuant to Section 706 without a single identified plaintiff will not lie, the EEOC is not
9 required to identify every aggrieved individual comprising the class. *E.E.O.C. v. Bass Pro*
10 *Outdoor World*, 884 F.Supp.2d 499, 520-21 (S.D. Tex. 2012).  A complaint containing
11 allegations and factual statements that clearly put the defendant on notice that the instant action is
12 based on the defendant's alleged discrimination on a particular protected basis against the
13 charging party and other similarly situated employees beginning at a specific point in time is
14 sufficient to survive a motion to dismiss. *See E.E.O.C. v. Family Dollar, Inc.*, No. 07 C 6996,
15 2008 WL 687284, at *2 (N.D. Ill. Mar. 12, 2008); *E.E.O.C. v. Man Mar, Inc.*, No. 09-60761-
16 CIV, 2009 WL 3462217, at *2 (S.D. Fla. Oct. 22, 2009).

17       Here, the EEOC's SAC alleges that, since at least November 2006, Pioneer Hotel
18 subjected a class of Latino and/or dark-skinned employees at its Laughlin, Nevada facility to
19 unwelcome harassment based on their national origin and/or skin color that was severe and
20 pervasive, creating a hostile work environment. Doc. #44, p. 5. The SAC identifies four
21 departments (including housekeeping, engineering, security and food service) within which
22 named and unnamed employees allegedly subjected charging party Duarte and the aggrieved
23 class to conditions amounting to a hostile work environment. *Id.* at 6.  The SAC puts forward
24 specific behaviors and language used to create the alleged hostile environment.  The court finds
25 the factual allegations sufficient to allege an aggrieved class. Accordingly, the court shall deny
26 Pioneer Hotel's motion to dismiss for failure to state a claim.
27 ///
28 ///

IT IS THEREFORE ORDERED that Pioneer Hotel's Motion to Dismiss Class-based Allegations (Doc. #46) is DENIED.

IT IS SO ORDERED.

DATED this 12th day of July, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE