**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) | Case No. 2:11-cv-01588-LRH-GWF |
| vs. ) | **ORDER** |
| PIONEER HOTEL, INC. d/b/a PIONEER HOTEL AND GAMBLING HALL, ) ) ) | **Motion to Compel - #92** |
| Defendant. ) | |

This matter is before the court on Plaintiff EEOC's Motion to Compel Discovery Propounded on Defendant Pioneer Hotel, Inc. (#92), filed on August 25, 2014. Defendant filed its Opposition (#100) on September 11, 2014 and Plaintiff filed its Reply (#105) on September 19, 2014. The court conducted a hearing in this matter on September 23, 2014.

**BACKGROUND AND DISCUSSION**

The following background and discussion addresses each discovery request at issue in Plaintiff's motion and the court's decision regarding that request.

**Interrogatory No. 2.** The EEOC served its First Set of Interrogatories on Defendant on August 9, 2013. Defendant served its responses to the interrogatories on October 25, 2013. Interrogatory No. 2 asked Defendant to identify every person employed at its facilities in Nevada since January 1, 2006 through the present, including the person's (a) name, (b) date of birth, (c) last known address and telephone number, (d) dates of employment, (e) if separated from employment, the reason for separation, (f) department worked, (g) position worked, and (h) name of immediate supervisor. *Motion to Compel (#92), Exhibit 2.* Defendant objected to Interrogatory No. 2 on the grounds that "it is over broad and unduly burdensome, and to the extent it seeks information that is

neither relevant to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence." *Motion to Compel (#92), Exhibit 4.* The EEOC argues that the identification of Defendant's employees for the period from January 1, 2006 to the present is relevant because it may lead to the identification of additional witnesses to the alleged harassment of Latino or dark-skinned employees by Defendant's supervisory or other employees. *Motion to Compel (#92), pgs. 18-19.*

Interrogatory No. 2 is the type of interrogatory that a party serves at the beginning of the discovery period. Once Plaintiff obtained a list of Defendant's employees, it could have pursued additional investigation to identify employees who have relevant information, including employees who were victims of the alleged harassment or witnessed it being committed against others. If Plaintiff had promptly moved to compel a response to Interrogatory No. 2, the court would have likely ordered Defendant to provide the requested information, subject to some limitations on the scope of the interrogatory. Plaintiff, however, filed its motion to compel on the last day of discovery. While this, in and of itself, does not render Plaintiff's entire motion untimely, it raises a concern with respect to Interrogatory No. 2.

As stated in *Krause v. Nevada Mut. Ins. Co.*, 2014 WL 428675, *1 (D.Nev. 2014), "[n]either the Federal Rules, Local Rules, nor scheduling order establishes a specific deadline for filing discovery motions." In *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D Nev. 1999), the court, quoting 8A Wright, Miller & Marcus, *Federal Practice and Procedure:* Civil 2d §2285 (1994 & Supp. 1998), stated that "[i]f the moving party has unduly delayed, the court may conclude that the motion [to compel] is untimely." *Gault* further stated that a motion to compel filed during the discovery period will rarely be considered untimely. A motion to compel may also be filed after the close of discovery, but, absent unusual circumstances, should be filed before the scheduled date for dispositive motions. *Id.* In *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 398 (S.D. Tex. 2006), the court identified the following factors that courts consider in deciding whether a motion to compel is timely filed: (1) the length of time since the expiration of the discovery deadline, (2) the length of time the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for tardiness or delay, (5)

whether dispositive motions have been scheduled or filed, (7) the age of the case, (8) any prejudice to the party from whom late discovery is sought, and (9) disruption of the court's schedule.

In this case, the parties had approximately 10-11 months in which to conduct discovery from the time the scheduling order was filed on September 9, 2013. *See Order (#63).* The court granted two extensions of the discovery and other pretrial deadlines, with the last order extending discovery through August 25, 2014. *See Order (#78).* It is the court's understanding that the depositions of the charging party, other class members, and employees of Defendant and other witnesses have been taken. Neither party sought an extension of the August 25, 2014 discovery deadline.

Plaintiff represented at the hearing that it deferred filing its motion to compel while the parties engaged in extended efforts to settle the case. While this is not an unreasonable excuse for deferring the filing of the motion to compel, in general, the court cannot accept it as a valid excuse with respect to Interrogatory No. 2. If the court were to require Defendant to answer Interrogatory No. 2, it would surely result in the Plaintiff undertaking efforts to identify and disclose additional witnesses or possibly additional class members. This, in turn, would likely result in a request by either or both parties to reopen discovery. There is no purpose in ordering Defendant to answer Interrogatory No. 2 unless the court is also willing to reopen and extend the discovery period. The court is not willing to do so because good cause has not been shown for such an extension, which would also be untimely at this stage of the case. The court therefore denies Plaintiff's motion to compel an answer to Interrogatory No. 2 on the grounds that Plaintiff's motion to compel a response to this interrogatory is untimely.

**Request for Production No. 1.** Request No. 1 asked Defendant to produce the complete personnel files for the listed individuals, including, but not limited to, employment records, employment applications, resumes, cover letters, letters of recommendation, references, certificates of achievement, commendations, diplomas, interview notes, performance evaluations, disciplinary warnings, and/or written reprimands, payroll data, and background checks. The listed individuals include both the charging party and claimants, as well as Defendant's employees whom the Plaintiff alleges engaged in unlawful discrimination or harassment.

Defendant states that it is willing to produce the complete personnel files of the listed individuals, but requests that a protective order be entered to preclude the disclosure of the files to third persons not connected with this litigation. Defendant is not requesting any limitation on Plaintiff's evidentiary use of materials in the personnel files in this action. Nor does the court understand Defendant to request an order that would preclude Plaintiff from sharing relevant information in the personnel files with the claimants, or where appropriate, witnesses in this action. Plaintiff argues that production of the files should be ordered without the requirement for any type of protective order. Plaintiff vaguely asserts that there are restrictions on its ability as a governmental entity to enter into a protective order governing the distribution of discovery, but does not state what those restrictions are.

Courts generally grant protective orders such as that requested by Defendant with respect to the personnel files of its employees. As stated by the court in *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 72-73 (S.D.N.Y, 2010):

> Although "[t]he fact that sensitive information is involved in litigation gives a party neither an absolute nor automatic right to have the discovery process hindered," *Johnson Foils, Inc. v. Huyck Corp.,* 61 F.R.D. 405, 409 (N.D.N.Y. 1973), courts have generally characterized personnel files as confidential and found it appropriate to enter protective orders governing their use in litigation because of the inherent potential for harm or embarrassment if the information they contain is revealed.
>
> The court generally regards personnel files of employees to be confidential by their nature. The subjects of such files are often non-parties to the litigation. Such files commonly contain addresses, phone numbers, income information, medical histories, employment discipline, criminal records, and other sensitive, personal information having little or no relevancy to the issues in litigation. To permit wide dissemination of personnel files would result in a clearly defined, serious, and unnecessary injury to the privacy of the employee who is not a party to the lawsuit. Revelation of such information could cause economic or emotional harm. The files could contain embarrassing material. They commonly contain confidential material. Justice requires protection against wide dissemination of such confidential, personal information.
>
> *Dahdal v. Thorn Americas, Inc.,* No. Civ.A. 97–2119–GTV, 1997 WL 599614 at *1 (D.Kan. Sept.15, 1997)[.] (additional citations omitted).

*See also Perez v. Jupada Enterprises, Inc.*, 2011 WL 501601 (S.D.N.Y. 2011).

The court therefore grants Plaintiff's motion to compel the production of the personnel files of the listed employees, subject to the entry of a protective order governing the disclosure of information in the files to third persons or entities. The court directs the parties to negotiate a mutually agreeable protective order. If the parties cannot agree on particular provisions of the protective order, they may submit those matters to the court for resolution.

**Request for Production Nos. 2, 16 and 59.** Request No. 2 asks Defendant to identify and produce all documents which in any way state or otherwise refer to communications or interactions between Defendant's Human Resources Department and Raymond or Kelly Duarte. Although Defendant objected to this request on various grounds, it stated in its opposition that this request was not raised during the parties' meet and confer process, and that if the EEOC had raised the issue, "it would have learned that notwithstanding Pioneer's objections, Pioneer produced all responsive documents to this request, thus obviating the need to involve this court with respect to this request." *Opposition (#100), pg. 15*.

Request No. 16 asked Defendant to identify and produce all documents which state or otherwise refer to any discussion or other communication Defendant has had with any individual or entity, except communications or discussion between attorney and client, concerning the allegations of the EEOC lawsuit against Defendant and the allegations of Raymond Duarte's charge of discrimination filed with the EEOC. Defendant objected to this request on various grounds, but stated in its opposition that there are no documents responsive to Plaintiff's request.

Request No. 59 asked Defendant to identify and produce all documents which pertain, constitute, reflect, or relate to any communications between Defendant and its parent company, Archon Corporation, regarding any employment policies and/or practices, complaints regarding employment discrimination, complaints regarding unfair employment practices, investigations, witness statements regarding employment discrimination, documents generated pertaining to any complaints of discrimination, documents generated and/or submitted to the EEOC regarding any and all Charges of Discrimination. Defendant again objected to this request on various grounds, but stated in its opposition that there are no documents responsive to Plaintiff's request.

Given Defendant's representation that it has no documents responsive to these requests that have not already been produced, Plaintiff does not pursue its motion to compel with respect to these requests. Plaintiff argues, however, that Defendant should be sanctioned for not stating in its responses to the requests that it either had no responsive documents or that it had produced all responsive documents. This would have avoided the need for Plaintiff to pursue an unnecessary motion to compel with respect to these requests. The court agrees that it is the better practice for a party, who may have valid objections to a discovery request, to nevertheless state in its response that it does not have information or documents responsive to the requests. That stated, Defendant asserts that these requests were not raised or specifically discussed during the parties' meet and confer conference. Based on the record before it, the court declines to impose sanctions on the Defendant for failing to notify Plaintiff that it did not have documents or additional documents responsive to these requests.

**Request for Production No. 60.** Request No. 60 asks Defendant to identify and produce all documents that reflect, describe or relate to Defendant's financial condition (including all assets and liabilities) for the period January 1, 2006, through the present, including but not limited to, financial statements, annual reports, balance sheets, asset and liability statements and profit and loss statements. Plaintiff argues that this information is relevant to its claim for punitive or exemplary damages against Defendant.

This court addressed the discovery of a defendant's financial condition relating to a claim against it for punitive damages in *Cataldi v. Siracusano*, 2012 WL 870222 (D.Nev. 2012). As stated therein, a defendant's financial condition is relevant to the pursuit of punitive damages. *Id.*, citing *United States v. Autumn Ridge Condominium Assoc.*, 265 F.R.D. 323, 327 (N.D.Ind. 2009) and *Platcher v. Health Professionals, Ltd.*, 2007 WL 2772855, at *2 (C.D.Ill. 2007). Most courts do not require the plaintiff to make a prima facie showing of merit on its punitive damage claim before permitting discovery of a defendant's net worth. *Autumn Ridge*, 265 F.R.D. at 328. Although only the defendant's current financial condition is relevant to the issue of punitive damages, some retrospective discovery is permitted to accurately assess the defendant's financial condition. Courts generally allow a party to discover information relating to defendant's financial

condition for the two or three most recent years.  *Id*., quoting Autumn *Ridge*, 265 F.R.D. at 329.  *See also E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 395 (E.D.Cal. 2009) (permitting disclosure of financial statements from 2007 and 2008, and any information available through 2009); *Southern California Housing Rights Ctr. v. Krug,* 2006 WL 4122148, at *2 (limiting discovery of financial documents to time period of 2004 through mid–2006); *Lane v. Capital Acquisitions,* 242 F.R.D. 667, 670 (S.D.Fla. 2005) (limiting discovery of financial documents to period of 2003 through mid–2005).

      The court in *Southern California Housing Rights Center* also held that plaintiff was entitled to obtain the following types or categories of documents: Documents which identify and provide information about the value of all property and other assets owned, in whole or in part by the defendants, profit and loss statements, balance sheets that relate to assets, inventories, liabilities, gross and net income and amount of any undistributed business profits.  The court reserved the option to order production of tax returns if the other financial information provided by the defendants was not adequate to show their net worth.  *Cataldi,* 2012 WL 87022 at *3.  In *Cataldi*, this court ordered defendant, an individual, to produce a current balance sheet or net worth statement and copies of his federal income tax returns for the two most recent calendar years.  The court also made all financial information disclosed subject to a protective order.

      The court finds that the type of documents expressly requested by Plaintiff – financial statements, annual reports, balance sheets, asset and liability statements and profit and loss statements – are (1) the types of financial records that a corporation such as Defendant should have in its possession, (2) are relevant to a determination of its net worth, and (3) can be produced by Defendant without undue burden or expense.  During the hearing, the Court stated that it would not require Defendant to produce such documents until after the court decides Defendant's anticipated motion for summary judgment which could potentially dispose of Plaintiff's punitive damage claim.  As indicated in *Cataldi*, however, most courts do not require the plaintiff to establish a prima facie case for punitive damages in order to obtain discovery regarding a defendant's financial condition.  Information regarding Defendant's current financial condition may be useful to the Plaintiff, and possibly to the Defendant as well, during settlement negotiations between the parties.

Such settlement efforts do not necessarily have to be deferred until the court decides dispositive motions or until the scheduling of a formal settlement conference. The court will therefore modify its oral ruling and require the Defendant to currently produce documents responsive to Request No. 60. To the extent Defendant's financial records are not publicly reported or available, the court will also make their production subject to a protective order. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff EEOC's Motion to Compel Discovery Propounded on Defendant Pioneer Hotel, Inc. (#92) is **granted**, in part, and **denied**, in part as follows:

1. Plaintiff's motion to compel Defendant to answer Interrogatory No. 2 is denied on the grounds that the motion to compel as to this discovery request is untimely;

2. Plaintiff's motion to compel a response to Request for Production No. 1 is granted on condition that production of the personnel files shall be made subject to a protective order to be approved and entered by the court;

3. Plaintiff's motion to compel responses to Request for Production Nos. 2, 16 and 59 is denied based on Defendant's representation that it has no documents responsive to these requests, or that it has produced all documents in its possession, custody or control that are responsive to these requests. Plaintiff's request for sanctions related to these requests is also denied; and

4. Plaintiff's motion to compel a response to Request No. 60 is granted as follows: Defendant shall produce its financial statements, annual reports, balance sheets, asset and liability statements and profit and loss statements for the two most recent (fiscal or annual) years. To the extent such records are not publicly reported or available, the production of Defendant's financial records shall also be subject to a protective order to be approved and entered by the court.

. . .

. . .

. . .

. . .

. . .

**IT IS FURTHER ORDERED** that the parties shall submit a proposed protective order to the court within ten (10) days from the filing of this order. If the parties cannot agree on the terms of the protective order, they shall submit their respective versions to the court.

DATED this 9th day of October, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge