UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>PIONEER HOTEL, INC.; *et al.*,<br><br>    Defendants. | 2:11-CV-1588-LRH-GWF<br><br><u>ORDER</u> |

Before the court is defendant Pioneer Hotel, Inc.'s ("Pioneer Hotel") objection to the Magistrate Judge's September 30, 2014 order granting plaintiff the United States Equal Employment Opportunity Commission's ("EEOC") motion for a protective order (Doc. #107[1]). Doc. #111. Plaintiff EEOC filed an opposition to the objection (Doc. #120) to which Pioneer Hotel replied (Doc. #126).

**I.     Facts and Procedural History**

Charging party Raymond Duarte ("Duarte") filed a Title VII charge of discrimination with the EEOC on February 4, 2008, alleging that he was discriminated against because of his national origin, Mexican, and because of his color, brown, while employed with Pioneer Hotel in its Housekeeping division. The EEOC investigated the charge, found it to be with merit, and initiated the conciliation process with Pioneer Hotel in November 2010.

---

[1] Refers to the court's docket number.

After the conciliation process broke down, the EEOC filed an action in its own name alleging that charging party Duarte, and a class of similarly situated individuals, suffered harassment constituting a hostile work environment on the basis of their national origin in violation of Title VII. Doc. #1. On June 15, 2012, the EEOC filed an amended complaint. Doc. #24.

During discovery, Pioneer Hotel sought to depose the two EEOC investigators responsible for conducting the investigation into Pioneer Hotel. On August 11, 2014, EEOC filed a motion for a protective order seeking to prevent Pioneer Hotel from deposing the investigators. Doc. #81. On September 4, 2014, the Magistrate Judge held a hearing on the EEOC's motion and took the parties' arguments under submission. Doc. #96. On September 30, 2014, the Magistrate Judge issued an order granting the EEOC's motion for a protective order thereby preventing Pioneer Hotel from deposing the investigators. Doc. #107. Thereafter, Pioneer Hotel filed the present objection to the Magistrate Judge's order. Doc. #111.

**II.    Discussion**

Local Rule IB 3-1 authorizes a district judge to reconsider any pretrial matter referred to a magistrate judge pursuant to LR IB 1-3 where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. In its objection, Pioneer Hotel contends that the Magistrate Judge's order granting the EEOC's motion for a protective order is clearly erroneous because after the Magistrate Judge's order, the EEOC changed its position on the relevancy and admissibility of its Letter of Determination, created after the EEOC investigation. *See* Doc. ##111, 112.

During the initial protective order hearing, the EEOC stated that the letter was irrelevant to the underlying charge of discrimination and thus, they would not seek to use the letter as evidence at trial. However, the EEOC has not stated that it intends to offer the letter at trial and in support of forthcoming motions for summary judgment. The initial statement by the EEOC during the hearing that it would now seek to enter the Letter of Determination as evidence was part of the Magistrate Judge's reasoning in granting the protective order. Although the EEOC argues that offering the Letter of Determination as evidence in this action would not have affected the Magistrate Judge's

ruling, only the Magistrate Judge can make such a determination. Therefore, the court shall remand this matter back to the Magistrate Judge for further consideration.

IT IS THEREFORE ORDERED that defendant's objection (Doc. #111) is REMANDED to the Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

DATED this 13th day of January, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE