1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>      Plaintiff,<br><br>    v.<br><br>PIONEER HOTEL INC. d/b/a PIONEER HOTEL & GAMBLING HALL, INC., AND DOES 1-10,<br>      Defendant | Case No: 2:11-CV-01588-LRH-GFW<br><br>**CONSENT DECREE AND**<br>    **O R D E R**<br><br>The Honorable Larry R. Hicks<br>United States District Judge |

### INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or

-1-

1  "Commission") and Defendant Pioneer Hotel, Inc. d/b/a Pioneer Hotel & Gambling Hall, Inc.

2  (alternately referred to as "Pioneer" or "Defendant") agree to the entry of this Consent Decree to

3  resolve the EEOC's Second Amended Complaint ("Complaint") filed under Title VII of the

4  Civil Rights Act, as amended, 42 U.S.C. section 2000e et seq. ("Title VII"). The EEOC's

5  Complaint alleges that Raymond Duarte (herein referred to as "Charging Party") and a class of

6  similarly situated individuals (hereinafter referred to as "Class Members" where appropriate and

7  collectively with Mr. Duarte as "Claimants") were discriminated against by Defendant.

8  Specifically, the complaint alleges that the Claimants were subjected to harassment on the basis

9  of their national origin, Latino and color, dark skinned, in violation of Title VII.

10

## I.

## PURPOSES AND SCOPE OF THE CONSENT DECREE

A.      The Parties to this Consent Decree ("Decree") are the EEOC and Defendant. This Decree shall be binding on and enforceable against Defendant, its officers, directors, agents, successors, and assigns.

B.      The Parties have entered into the Decree for the following purposes:

       1.      To provide the Claimants with monetary relief;

       2.      To provide for injunctive relief;

       3.      To ensure that Defendant's employment practices comply with federal law;

       4.      To ensure a work environment free from national origin and color based discrimination and retaliation subsequent to any complaint of discrimination;

       5.      To ensure training for Defendant's managers and employees with respect to the law against national origin and color-based discrimination, and any subsequent retaliation; and

       6.      To provide an appropriate and effective mechanism for handling complaints of national origin and color-based discrimination, and any subsequent retaliation.

///

///

**II.**

**RELEASE OF CLAIMS**

A.      This Decree fully and completely resolves between Defendant and the EEOC all claims that are raised by the EEOC against Defendant in the Second Amended Complaint, referred to herein as the "Complaint" filed on January 28, 2013 in the above captioned complaint.

B.      Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that Defendant fails to perform the promises and representations contained here.

C.      Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII and any other federal employment statute.

D.      This Decree in no way affects the EEOC's right to bring, investigate, or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures.

**III.**

**EFFECTIVE DATE AND DURATION OF DECREE**

A.      The provisions and agreements contained here are effective immediately upon the date that this Decree is entered by the Court (the "Effective Date").

B.      Except as otherwise provided here, the Decree shall remain in effect for four (4) years after the Effective Date.

**IV.**

**MODIFICATION AND SEVERABILITY**

A.      This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.      If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree to

effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect.

C.      By mutual agreement of the Parties, this Decree may be amended or modified in writing in the interests of justice and fairness to effectuate the provisions of this Decree

## V.

## JURISDICTION

A.      This Court has jurisdiction over the Parties and the subject matter of this lawsuit. The Complaint asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree. The terms and provisions of this Decree are fair, reasonable, and just. This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

B.      The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of monitoring and entering all orders, judgments, and decrees that may be necessary to implement the relief provided here.

## VI.

## COMPLIANCE AND DISPUTE RESOLUTION

A.      The Parties agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Decree, the EEOC may petition or may bring an action before this Court to enforce the Decree. Prior to initiating such petition or action, the EEOC will notify Defendant, in writing, of the nature of the breach.  Unless irreparable harm may result from the breach, Defendant shall have thirty (30) days from receipt of EEOC's notice of the alleged breach to attempt to resolve or cure the breach. The Parties agree to cooperate with each other and use their reasonable efforts to resolve any dispute referenced in the EEOC notice.

B.      If, after thirty (30) days have passed with no resolution or agreement to extend the time further, the EEOC may petition or bring an action before this Court for compliance with this Decree. The EEOC may seek all available relief, including, but not limited to, an extension of

1  the terms of the Decree for such period of time as the Defendant is found to be in breach of the

2  Decree.

3                                          VII.

4                               MONETARY RELIEF

5  A.      In settlement of all monetary claims in the EEOC's case, the Defendant shall pay a total

6  of $150,000.00. EEOC shall have sole discretion on the distribution of the monetary amount to

7  the Claimants.

8  B.      Defendant shall make payments to the individuals identified by the EEOC and the

9  amounts so designated by the EEOC within ten (10) days of the Effective Date. No federal

10  and/or state taxes shall be deducted from the amount paid to any Claimant. Defendant shall

11  issue the appropriate Form 1099 for the tax year in which payment was issued. The amounts

12  designated herein are deemed to be compensatory damages.   Defendant shall make the

13  appropriate reports to the Internal Revenue Service and any other appropriate tax authorities.

14  The Claimants shall be solely responsible for the payment of any taxes owed by them as a result

15  of receiving such payments from this action.

16

17  C.      Within three (3) business days of mailing the aforementioned payments, copies of the

18  checks and any related correspondence shall be submitted to Anna Y. Park, Regional Attorney

19  U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los

20  Angeles, California 90012.

21                                          VIII.

22                          GENERAL INJUNCTIVE RELIEF

23  A.      National Origin Harassment.

24          Defendant, its officers, directors, agents, management, successors, assigns an, and all

25  those in active concert or participation with Defendant are hereby enjoined from creating,

26  facilitating, or permitting the existence of a work environment that is hostile to Latino

27  employees and are further enjoined from:

28          1.  subjecting individuals to harassment based on their Latino national origin; and

2.  creating, facilitating or permitting the existence of a work environment that is hostile to Latino employees.

B.  Color Harassment.

Defendant, its officers, directors, agents, and management successors, assigns, and all those in active concert or participation with Defendants, are hereby enjoined from creating, facilitating, or permitting the existence of a work environment that is hostile to employees who are dark-skinned, and are further enjoined from:

1.  subjecting individuals to harassment based on their color, dark-skinned; and

2.  creating, facilitating, or permitting the existence of a work environment that is hostile to dark-skinned employees.

C.  Retaliation.

Defendant, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with Defendant, hereby are enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of Defendant, or either of them, because he or she has in the past, or during the term of this Decree:

(1)  opposed any practice made unlawful under Title VII;

(2)  filed a charge of discrimination alleging such practice;

(3)  testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by Defendant), proceeding in connection with this case and/or relating to any claim of a Title VII violation;

(4)  was identified as a possible witness or claimant in this action;

(5)  asserted any rights under this Decree; or

(6)  sought or received any relief in accordance with this Decree.

D.  Posting of Notice of Consent Decree

Within ten (10) days after the Effective Date and throughout the term of this Decree, Defendant shall post a full-sized copy of the Notice of Consent Decree, attached to the Decree as Attachment A, in a clearly visible location frequented by employees (i.e. break rooms or

1    bulletin boards with other employee notices) in each of its facilities during the term of the

2    Decree.

3          E.  Equal Employment Opportunity Consultant

4          1. Within thirty (30) days after the Effective Date, Defendant shall retain an Equal

5    Employment Opportunity Consultant ("Monitor") with demonstrated experience in the area of

6    employment discrimination to implement and monitor Defendant's compliance with Title VII

7    and the provisions of this Decree. The Monitor shall be subject to the EEOC's approval, which

8    shall not be unreasonably withheld. If the EEOC does not approve Defendant's proposed

9    Monitor, the EEOC shall provide Defendant with a list of at least three (3) suggested candidates

10   acceptable to the EEOC. Defendant shall bear all costs associated with the selection and

11   retention of the Monitor and the performance of his/her/its duties.

12         2. The Monitor's responsibilities shall include:

13            a.  ensuring that Defendant's procedures to handle complaints of discrimination,
                  harassment, and retaliation comply with its obligations under Title VII and this
14                Decree;

15            b.  ensuring that Defendant's policies and reporting procedures against
                  discrimination, harassment, and retaliation effectively carry out its obligations
16                under this Decree;

17            c.  ensuring that all employees are trained on their rights and responsibilities under
                  Title VII, including but not limited to, the responsibility to provide a workplace
18                free from national origin and color discrimination and retaliation;

19            d.  ensuring that all employees are trained on Defendant's policies and procedures
                  related to national origin and color discrimination and retaliation;
20

21            e.  monitoring Defendant's investigation of all complaints of national origin
                  discrimination, color discrimination and retaliation to ensure compliance with
22                Title VII;

23            f.  ensuring Defendant properly communicates with complainants regarding the
                  complaint procedure, status of the complaint investigation, results of the
24                investigation, and any remedial action taken;

25            g.  ensuring that Defendant's reports required by this Decree are accurately
                  compiled and timely submitted;
26

27

28

h. ensuring that Defendant's disciplinary policies hold employees and managers accountable for failing to take appropriate action or for engaging in conduct prohibited by Title VII and this Decree;

i. ensuring that Defendant creates a centralized system of tracking national origin, color, and retaliation complaints;

j. ensuring compliance with the terms of this Decree; and

k. preparing a brief annual report on Defendant's progress, including its compliance with the terms of this Decree and the Monitor's compliance with his/her responsibilities as articulated herein.

The Monitor shall ensure compliance for the foregoing provisions for the term of the Decree.

F. Policies and Procedures

1. *Policies and Procedure*

Within sixty (60) days of the Effective Date, Defendant, with the assistance of its Monitor, shall review, and if necessary revise, its policies and procedures against discrimination and retaliation prohibited by Title VII (the "policy"). Regardless, within ninety (90) days of the Effective Date, Defendant, with the assistance of its Monitor, shall distribute and implement the policy. The policy and complaint procedure shall be distributed in both English and Spanish and shall include:

a. a clear explanation of prohibited conduct;

b. a clear statement regarding Defendant's commitment to prevent discrimination, harassment, and retaliation;

c. an assurance that employees who make complaints of discrimination and harassment or provide information related to such complaints will be protected from retaliation;

d. a clearly described complaint process for discrimination, harassment, and retaliation that provides accessible avenues of complaint against co-workers, including the complainant's supervisors, that allows for complaints to be initiated verbally;

e. a clearly described complaint process for discrimination, harassment, and retaliation that provides accessible avenues of complaint against supervisors, that allows for complaints to be initiated verbally;

///

f.    a requirement employees in supervisory positions who receive complaints, whether formal or informal, written or verbal, report such complaints to the human resources department within 24 hours after receiving said complaint;

g.    an assurance that Defendant will protect the confidentiality of discrimination complaints, to the extent possible, from being disclosed;

h.    a complaint process that provides a prompt, thorough, and impartial investigation;

i.    an assurance that Defendant's disciplinary policies hold employees, managers, supervisors, and human resources accountable for failing to take appropriate action or for engaging in conduct prohibited under Defendant's policy and/or Title VII;

j.    a procedure for communicating with the complainant regarding the status of the complaint / investigation, results of the investigation, and if any remedial action was taken without revealing specific information that may be confidential;

k.    assurances that Defendant will take immediate and appropriate corrective action when it determines that discrimination, harassment or any subsequent retaliation has occurred; and

l.    designation of at least one human resources employee to receive and process all national origin and/or color-based discrimination, harassment, and retaliation complaints.

If no member of the Human Resources department or Defendant's management team is proficient in Spanish, Defendant shall ensure that employees whose primary language is not English are afforded a neutral translator, which may be a third-party, to communicate with Human Resources throughout the complaint and resolution process.

2. *Performance Evaluations*

Defendant shall hold its managers, supervisors, and human resources personnel accountable through either performance evaluations or disciplinary action to ensure compliance with anti-discrimination statutes.

3. *Distribution of Defendant's Policies Against Discrimination and Any Subsequent Retaliation*

a.    With the annual report (*see* Section I, Reporting), Defendant shall provide to the EEOC a copy of its policy and complaint procedure, and shall submit to the EEOC a statement confirming distribution of the policy to all managerial and non-managerial employees.

b.    For the remainder of the term of this Decree, all new employees hired shall receive within thirty (30) days of hire Defendant's policy and complaint procedure and be afforded an opportunity to interact with Human Resources within one week after receipt of the policy and complaint procedure.

c.    For the remainder of the term of this Decree, all employees promoted from non-managerial to managerial positions shall receive within thirty (30) days of promotion any policies and procedures of Defendant's against and about discrimination, harassment, and retaliation applicable to managerial employees, including management responsibilities to take appropriate action as set forth in Defendant's policies and procedures. New managers shall be afforded an opportunity to interact with Human Resources within one week after receipt of the policy and complaint procedure.

G. Training

1.    Defendant will continue to require new employees to attend orientation, during which employees will receive training on federal laws regarding employment discrimination, including but not limited to national origin, color, and retaliation, and Defendant's policy and reporting procedure.  All attendees will verify their attendance in writing.

2.    Each year, Defendant will provide a one-hour training to current non-managerial employees who have been employed by Defendant for more than one year and who did not attend the training provided during orientation within the last 12-months, on the federal laws regarding employment discrimination, including, but not limited to, national origin, color, and retaliation, and Defendant's policy and reporting procedure.  All attendees will verify their attendance in writing.

3.    Each year, Defendant will provide a 90-minute training to current managerial employees and human resources employees who have been employed by Defendant for more than one-year and who did not attend the training provided during orientation within the last 12-months, on the federal laws regarding employment discrimination, including, but not limited to, national origin, color, and retaliation, Defendant's policy and reporting procedure, and the role

-10-

1 │ of managerial employees in enforcing federal law and Defendant's policy.  All attendees will

2 │ verify their attendance in writing.

3 │     4.      EEOC shall be informed thirty (30) days prior to the scheduled trainings of the

4 │ location and time of the training and may attend the training(s) at EEOC's discretion.

5 │     5.      Within sixty (60) days of the Effective Date, Defendant shall submit to the

6 │ EEOC a statement describing the training it intends to provide for each category of employee

7 │ and the materials it intends to use in this training.

8 │     H. <u>Record Keeping</u>

9 │     Defendant shall establish a recordkeeping procedure that provides for the centralized

10 │ tracking of complaints of national origin and/or color-based discrimination, harassment, and

11 │ retaliation. The records to be maintained shall include:

12 │

13 │     1.  All documents generated in connection with any complaint, investigation into, or

14 │ resolution of every complaint of discrimination, harassment, and retaliation for the duration of

15 │ the Decree and the identities of the parties involved;

16 │     2.  All forms acknowledging each employee's receipt of the policy and complaint

17 │ procedure against discrimination, harassment, and retaliation as required under this Decree;

18 │     3.  All documents verifying the occurrence of all training sessions and names and

19 │ positions of all attendees for each session as required under this Decree;

20 │     4.  All documents generated in connection with the monitoring, counseling, or

21 │ disciplining of employees whom Defendant determined to have engaged in behavior that may

22 │ be discriminatory, harassing, and/or retaliatory;

23 │     5. All documents generated in connection with Defendant's confidential follow-up

24 │ inquiries into whether any complainant believes he or she has been retaliated against; and

25 │     6. All documents generated in connection with the establishment or review of

26 │ performance evaluation measures for managers, supervisors, and human resource employees.

27 │     Defendant will make the aforementioned records available to the EEOC within ten (10)

28 │ business days following a written request by the EEOC.

I.    Reporting

Defendant, through its Monitor, shall provide the following reports annually for the duration of the Decree:

1.    The attendance lists of all attendees for all training sessions required under this Decree that took place during the previous twelve (12) months;

2.    Confirm the Notice Posting requirement as set forth in Section D is in full compliance throughout the duration of the Decree.

3.    An analysis of the investigation of complaints, including the monitoring done for multiple complaints made against the same person.

4.    A copy of the policy against and complaint procedure for national origin and/or color discrimination, harassment, and retaliation after consultation with the EEO Monitor in compliance with the Consent Decree.

5.    A summary report of Defendant's investigation into any complaint about national origin and/or color discrimination, harassment, and/or retaliation for complaining about national origin and/or color discrimination and/or harassment.  The investigation report shall include the following for each complaint during the reporting period:

(a)    the name and title of the complaining party(ies);

(b)    the date of the complaint;

(c)    the name and title of the alleged harasser(s)/offender(s);

(d)    the name and title of the person(s) who conducted the investigation into the complaint;

(e)    the nature of the complaint (i.e. comments, acts, etc.)

(f)    the date of the commencement and completion of the investigation;

(g)    a brief description of the investigation (i.e. number of persons interviewed, materials reviewed);

(h)    the outcome of the investigation and any action taken; and

(i)     whether previous national origin and/or color discrimination and/or harassment complaints had been made regarding the alleged harasser(s)/offender(s).  If so, the report should also include the outcome of the prior investigations.

6.     A report detailing the performance evaluation given to managers and supervisors as described in subsection F.

All reports under this Paragraph shall be directed to: U.S. Equal Employment Opportunity Commission, Attn. Regional Attorney, Anna Y. Park,  255 E. Temple Street, 4th Floor, Los Angeles, CA 90012.

### IX.

### EEOC'S REQUEST FOR ADDITIONAL INFORMATION ON DEFENDANT'S INVESTIGATION OF COMPLAINTS OF DISCRIMINATION, HARASSMENT AND /OR RETALIATION

A.  Within thirty (30) days of receipt of Defendant's Report, the EEOC may request in writing additional information, or other documents related to compliance under the decree including, but not limited to, the investigative file of the complaints and investigation reported in the Investigation Report.  EEOC's request will identify the portion of the Report for which it seeks additional information and the type of documents requested.

B. Within thirty (30) days of the receipt of the EEOC's request for additional information and/or the investigative file(s), Defendant is to provide the requested information and investigative file(s) or to provide its reasons for not disclosing the information and/or investigative file.

### X.

### COSTS OF ADMINISTRATION AND IMPLEMENTATION

### OF THE CONSENT DECREE

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree, including the costs of the Consultant.

### XI.

### COSTS AND ATTORNEYS' FEES

Each Party shall bear its own costs of suit and attorneys' fees.

///

-13-

## XII.

### MISCELLANEOUS PROVISIONS

A. During the term of this Decree, Defendant shall provide any potential successor in interest or prospective purchaser with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B. During the term of this Decree, Defendant and its successors, if any, shall assure that each of its affiliates, officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C. Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012.

D. The Parties agree to entry of this Decree and judgment subject to final approval by this Court.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

-14-

1       All Parties, through the undersigned, respectfully apply for and consent to the entry of

2  this Consent Decree Order.

3

4  Dated: _____June 3, 2015_____     Dated: _____

5

6  Anna Y. Park              Suzanne L. Martin, Esq.

7  U.S. EEOC                 Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
    255 East Temple Street          Wells Fargo Tower

8  4th Floor                    Suite 1500
    Los Angeles, California 90012      Howard Hughes Parkway

9  Telephone: (213) 894-1083       Las Vegas, Nevada 89169
    Facsimile: (213) 894-1301        Telephone:  (702) 369-6800

10                                Fax No.:    (702) 369-6888

11

12  Attorneys for Plaintiff          Attorneys for Defendant

13                      **ORDER**

14  Good cause appearing, the Consent Decree is fair and reasonable and hereby approved.

15

16

17      **IT IS SO ORDERED,** this ___15th___ **day of** ___June___ **, 2015**

18

19

20

21

22      LARRY R. HICKS
        UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

-15-

# EXHIBIT A

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4th Floor
Los Angeles, CA  90012
(213) 894-1000
TTY (213) 894-1121
FAX (213) 894-1118

## <u>NOTICE OF SETTLEMENT AND CONSENT DECREE</u>

TO:          ALL EMPLOYEES OF PIONEER HOTEL

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit in the United States District Court for the District of Nevada, against Pioneer Hotel Inc. d/b/a Pioneer Hotel & Gambling Hall, Inc., et al., Case No. 2:11-CV-01588-LRH-GWF.  The lawsuit was brought by the EEOC on behalf of employees who alleged that they were subjected to harassment on the basis of their national origin, Latino, and/or color, dark-skinned, in violation of Title VII. Pioneer Hotel settled the case by entering into a "Consent Decree" with the EEOC and payment of monetary relief.

Pursuant to the Consent Decree, Pioneer Hotel is providing notice to all of its employees that alleged violations of its policy against harassment and discrimination will be thoroughly investigated.  Individuals found to have violated that policy will be subject to discipline up to and including termination of employment.  All employees will undergo training to correct and prevent unlawful harassment and discrimination towards employees.

Federal law requires that there be no harassment or discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion or national origin, with respect to hiring, compensation, promotions, discharge, terms and conditions or privileges of employment.

Pioneer Hotel is committed to complying with federal anti-discrimination laws in all respects.  It will not tolerate harassment or discrimination, and will not tolerate retaliation against any employee because of the filing of a charge of discrimination, giving testimony or assistance, or participation in any manner in any investigation.

If you believe that you have been harassed or discriminated against because of your sex, national origin, age, race, color, religion, or disability, you may follow Pioneer Hotel's internal procedure and/or you may seek assistance from:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
333 Las Vegas Blvd. South, Suite 8112
Las Vegas, NV 89101
Telephone : (800)669-4000

You may obtain a copy of the settlement document ("Consent Decree") at your expense.  To obtain a copy, you must contact the Office of the U.S. District Court Clerk at 333 S. Las Vegas Blvd., Las Vegas, NV 89101, (702)464-5400.